IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE G. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-065 |
| | ) | |
| CORNERSTONE RESIDENTIAL | ) | |
| MANAGEMENT, LLC d/b/a Freedom's | ) | |
| Path Ltd.; THE HOUSING AUTHORITY | ) | |
| OF THE CITY OF AUGUSTA; CLERK | ) | |
| HATTIE HOLMES SULLIVAN; JUDGE | ) | |
| ASHLEY WRIGHT; and DANIEL | ) | |
| HAMILTON, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Currently before the Court is Plaintiff's "Motion for Continuation of Reasonable Accommodations, Electronic Filing Privileges, and Additional Time for Filings," in which Plaintiff alleges his disabilities "continue to substantially" impact his ability to litigate this case. (Doc. no. 8.)  He requests accommodations in the form of:  (1) reasonable extensions of time, and (2) electronic filing privileges.  (See id.)  Plaintiff did not specify his disabilities in the instant motion and instead references the "Declaration of Disability Status for Court Accommodation" he filed in another one of his cases, Cornerstone Residential Management, LLC v. Smith, CV 125-119 (S.D. Ga. May 23, 2025).  For the following reasons, Plaintiff's motion is **DENIED**.  (Doc. no. 8.)

First, the Court will not grant Plaintiff a sweeping extension of any and all deadlines. Rather, Plaintiff's request is not related to any particular deadline and seeks reasonable extensions generally. However, Plaintiff is not entitled to automatically receive extensions of all deadlines simply because of his alleged disabilities. This request is therefore denied. In the future, should Plaintiff seek an extension of a particular deadline, he may file an appropriate motion tailored to the specific reasons for his request for the Court's consideration.

Next, as to Plaintiff's request for electronic filing privileges, the Court denies this request. It is the Southern District of Georgia's policy not to allow "*pro se* litigants to utilize electronic filing." Blochowicz v. Wilkie, No. CV 120-111, 2020 WL 5028224, at *1 (S.D. Ga. Aug. 25, 2020) (citing Jenkins v. Drummond, No. CV410-008, 2010 WL 2332700, at *1 n.1 (S.D. Ga. May 25, 2010) and United States District Court, Southern District of Georgia Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means).) Here, Plaintiff claims his disabilities "substantially impair his ability to prepare, organize, review, and file complex legal documents without reasonable accommodation," and he requests permission to use electronic filing to reduce the burdens he experiences when using "traditional filing methods." (Doc. no. 8, pp. 2, 3.) Plaintiff fails to establish good cause exists to justify a departure from the Court's *pro se* filing policy because he has been able to successfully and timely file pleadings and motions without access to the electronic filing system thus far.

However, the Court is mindful that Plaintiff bases his request for electronic filing permission by pointing to his purported disabilities. The Court informs Plaintiff that he may learn more about how to submit requests for accommodations in the Southern District of

Georgia through the following link:  https://www.gasd.uscourts.gov/communication-access-coordinator.

SO ORDERED this 22nd day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3