IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE G. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-065 |
| | ) | |
| CORNERSTONE RESIDENTIAL | ) | |
| MANAGEMENT, LLC d/b/a Freedom's | ) | |
| Path Ltd.; THE HOUSING AUTHORITY | ) | |
| OF THE CITY OF AUGUSTA; CLERK | ) | |
| HATTIE HOLMES SULLIVAN; JUDGE | ) | |
| ASHLEY WRIGHT; and DANIEL | ) | |
| HAMILTON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 12.) The Magistrate Judge recommended this case be dismissed because Plaintiff's claims are barred by the Rooker-Feldman doctrine.[1] (See doc. no. 10.) Nothing in Plaintiff's objections alters the Magistrate Judge's conclusion that the Rooker-Feldman doctrine bars his claims because they

---

[1] The Magistrate Judge also concluded Plaintiff failed to state a claim against Defendant Housing Authority of Augusta because he did not allege any acts or omissions on the part of this Defendant, and Plaintiff also failed to state a claim against Defendants Cornerstone and Hamilton because they are not state actors. (Doc. no. 10, pp. 9-11.) The Magistrate Judge further found Defendant Judge Wright is immune from Plaintiff's claims for monetary damages. (Id. at 11-12.)

are inextricably intertwined with the state court judgment. However, a few aspects of Plaintiff's objections warrant brief comment.

In his objections, Plaintiff alleges detailed facts about the United States Department of Housing and Urban Development's ("HUD") Project-Based Voucher ("PBV") Program and claims Defendants failed to comply with mandatory procedures, which in turn violated his rights. (See doc. no. 12.) He claims these facts establish that he brings "independent federal project-based voucher admission claims" and thus does not seek review of the state court judgment. (Id. at 11-12.) As an initial matter, the exact cause of action under which Plaintiff brings this claim is unclear, as he generally alleges Defendants "violated federal law." (Id. at 8.) Even ignoring this deficiency, however, there is a fundamental problem with Plaintiff's argument: he did not plead any of these facts in his first amended complaint, which is the operative pleading. (See doc. no. 7.)

Significantly, on April 20, 2026, the Court ordered Plaintiff to file an amended complaint to correct various pleading deficiencies in his original pleading and provided him with certain instructions. (Doc. no. 4.) Plaintiff filed a first amended complaint, but it did not include any of the allegations relating to the PBV program that he now raises in his objections. (Compare doc. no. 7, with doc. no. 12.) Although Plaintiff alleged facts about the PBV program in his original complaint, (see doc. no. 1), as the Magistrate Judge explained in the April 20th Order, the first amended complaint "supersede[s] and replace[s] in its entirety the previous pleading filed by Plaintiff." (Doc. no. 4, p. 5 (citing Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).) Therefore, Plaintiff's objections about the Magistrate Judge's failure to consider anything about the PBV program are unavailing.

2

Likewise, Plaintiff also argues he alleges a standalone claim under the Fair Housing Act based on Defendant Cornerstone fraudulently increasing the amount Plaintiff owed in rent. (Doc. no. 12, p. 20.)  Although Plaintiff contends he "explicitly allege[d]" this claim in the first amended complaint, (id.), the Court's review of this pleading reveals he did not.  It was therefore not an error for the Magistrate Judge to conclude Plaintiff did not allege a standalone Fair Housing Act claim.  (Doc. no. 10, pp. 4-6.)

Plaintiff further argues the extrinsic fraud exception to the Rooker-Feldman doctrine applies, which allows consideration of his claims, (doc. no. 12, pp. 10-11).  But the Eleventh Circuit has never recognized this exception.  See Jones v. Lamar Co., LLC, No. 24-12949, 2026 WL 573650, at *3 (11th Cir. Mar. 2, 2026) (explaining the Eleventh Circuit "[has] never adopted [the extrinsic fraud] exception" (citing Casale v. Tillman, 558 F.3d 1258, 1261 (11th Cir. 2009))); Scott v. Frankel, 606 F. App'x 529, 532 (11th Cir. 2015) (per curiam) ("But [plaintiff] cites no authority, and we find none, binding us to recognize an extrinsic-fraud exception to the Rooker–Feldman doctrine.").

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion as, **DISMISSES** this case, and **CLOSES** this civil action.

SO ORDERED this _16th_ day of July, 2026, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3